**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| NOVARTIS PHARMACEUTICALS CORPORATION, *Plaintiff,* v. INGENUS PHARMACEUTICALS, LLC, *Defendant.* | Civil Action No. _____ |

**COMPLAINT**

Plaintiff Novartis Pharmaceuticals Corporation (herein, "Novartis") files this Complaint for patent infringement against Ingenus Pharmaceuticals, LLC ("Ingenus"), and by its attorneys, hereby alleges as follows:

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202, that arises out of Ingenus's submission of an Abbreviated New Drug New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import a generic version of XIIDRA® (lifitegrast ophthalmic solution) 5% prior to the expiration of  U.S. Patent No. 8,084,047 ("the '047 patent"); U.S. Patent No. 8,168,655 ("the '655 patent"); U.S. Patent No. 8,367,701 ("the '701 patent"); U.S. Patent No. 8,592,450 ("the '450 patent"); U.S. Patent No. 8,927,574 ("the '574 patent"); U.S. Patent No. 9,085,553 ("the '553 patent"); U.S. Patent No. 9,353,088 ("the '088 patent");  U.S. Patent No. 9,447,077 ("the '077 patent"); U.S. Patent No. 9,890,141 ("the '141

1

ME1 41864696v.1

patent); and U.S. Patent No. 11,058,677 ("the '677 patent").   These patents are referred to collectively herein as the "Patents-in-Suit."

2.      Ingenus notified Novartis by letter dated September 15, 2020 ("Ingenus's First Notice Letter") that it had submitted to the FDA ANDA No. 215058 ("Ingenus's ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use and/or sale of lifitegrast ophthalmic solution 5% ("Ingenus's ANDA Product") prior to the expiration of the '047 patent, the '655 patent, the '701 patent, the '450 patent, the '574 patent, the '553 patent, the '088 patent, the '077 patent, and the '141 patent.   By letter dated July 6, 2022, Ingenus provided Novartis with a second notice letter ("Ingenus's Second Notice Letter") informing Novartis that it was also seeking approval of its ANDA Product prior to the expiration of the '677 patent.   Collectively, these notice letters are referred to herein as the "Ingenus's Notice Letters."

## PARTIES

3.      Plaintiff Novartis Pharmaceuticals Corporation is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 1 Health Plaza, East Hanover, New Jersey 07936.   Novartis Pharmaceuticals Corporation is the holder of New Drug Application ("NDA") No. 208073 for the manufacture and sale of lifitegrast ophthalmic solution 5%, which has been approved by the FDA.

4.      On information and belief, Defendant Ingenus is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4190 Millenia Road, Orlando, Florida 32839.   On information and belief, Defendant Ingenus also has facilities at 140 New Dutch Lane, Fairfield, New Jersey 07004 and 100 Ford Road, Suite 9, Denville, New Jersey 07834.   On information and belief, Defendant Ingenus is in the business of,

2

among other things, manufacturing and selling generic versions of branded pharmaceutical products for the U.S. market.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 and 2202.

6. This Court has personal jurisdiction over Defendant Ingenus.

7. Ingenus is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Ingenus is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware located at 1209 Orange Street, Wilmington, Delaware 19801. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Ingenus develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware and therefore transacts business within the State of Delaware related to Novartis's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

8. On information and belief, Ingenus knows and intends that following any approval of Ingenus's ANDA No. 215058, Ingenus will manufacture and import into the United States Ingenus's ANDA Product and directly or indirectly market, sell, and distribute Ingenus's ANDA Product throughout the United States, including in Delaware. On information and belief, following any FDA approval of ANDA No. 215058, Ingenus knows and intends that Ingenus's ANDA

3

Product will be marketed, used, distributed, offered for sale, and sold in the United States and within Delaware.

9.      Ingenus has previously used the process contemplated by the Hatch-Waxman Act to challenge branded pharmaceutical companies' patents by filing a certification of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355(j)(2)(A)(vii)(IV), serving a notice letter on those companies, and engaging in patent litigation arising from the process contemplated by the Hatch-Waxman Act.

10.     On information and belief, Ingenus, with knowledge of the Hatch-Waxman Act process, directed Ingenus's Notice Letters to, *inter alia*, Novartis Pharmaceuticals Corporation, an entity incorporated in Delaware, and alleged in Ingenus's Notice Letters that all of the Patents-in-Suit are invalid and/or not infringed.  On information and belief, Ingenus knowingly and deliberately challenged Novartis's patent rights, and knew when it did so that it was triggering the provisions of the Hatch-Waxman Act for Novartis to bring an action for patent infringement.

11.     Because Novartis Pharmaceuticals Corporation is incorporated in Delaware, Novartis suffers injury and consequences from Ingenus's filing of Ingenus's ANDA, challenging Novartis's patent rights in Delaware.  On information and belief, Ingenus knew that it was deliberately challenging the patent rights of a Delaware entity and seeking to invalidate intellectual property held in Delaware.  Ingenus has been a litigant in connection with other infringement actions under the Hatch-Waxman Act, and reasonably should have anticipated that by sending Ingenus's Notice Letters to Novartis Pharmaceuticals Corporation, a Delaware corporation, that it would be sued in Delaware for patent infringement.

12.     In addition, this Court has personal jurisdiction over Ingenus because Ingenus regularly engages in patent litigation concerning FDA-approved branded drug products in this district, does not contest personal jurisdiction in this district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, Ingenus's Answer at ¶ 8, *AuroMedics Pharma LLC v. Ingenus Pharmaceuticals, LLC*, No. 20-1235-CFC-JHL (D. Del. Dec. 7, 2020) (admitting Ingenus is formed under the laws of the State of Delaware and maintains a registered agent for service of process in Delaware).

13.     On information and belief, if Ingenus's ANDA is approved, Ingenus will directly or indirectly manufacture, market, sell, and/or distribute Ingenus's ANDA Product within the United States, including in Delaware, consistent with Ingenus's practices for the marketing and distribution of other generic pharmaceutical products.   On information and belief, Ingenus regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware.   On information and belief, Ingenus's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware.   On information and belief, Ingenus's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware.   Each of these activities would have a substantial effect within Delaware and would constitute infringement of Novartis's patents in the event that Ingenus's ANDA Product is approved before the patents expire.

14.     On information and belief, Ingenus derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are

ME1 41864696v.1

manufactured by Ingenus and/or for which Ingenus is the named applicant on approved ANDAs. On information and belief, various products for which Ingenus is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

15.    Venue is proper in this district as to Ingenus pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Ingenus is a corporation organized and existing under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

## FACTUAL BACKGROUND

16.    XIIDRA®, which contains lifitegrast, is an ophthalmic solution indicated for the signs and symptoms of dry eye disease.

17.    On information and belief, Ingenus's ANDA Product is a generic version of Novartis's XIIDRA®.

18.    On information and belief, Ingenus's ANDA Product is not publicly available, nor is ANDA No. 215058 accessible to the public.

19.    In Ingenus's Notice Letters, Ingenus included an Offer of Confidential Access to portions of ANDA No. 215058.  The offer, however, was subject to various unreasonably restrictive conditions, and Ingenus has not challenged its infringement of multiple patents asserted herein on any basis other than the alleged invalidity of that claim.

## COUNT I – INFRINGEMENT OF THE '047 PATENT

20.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

21.    The '047 patent, entitled "Compositions and Methods for Treatment of Eye Disorders" (attached as Exhibit A), was duly and legally issued on December 27, 2011.

22.    Novartis Pharmaceuticals Corporation is the owner and assignee of the '047 patent.

6

23. The '047 patent claims, *inter alia,* a compound with the formula recited in claim 1, or a pharmaceutically acceptable salt thereof.

24. XIIDRA®, as well as methods of using XIIDRA®, are covered by one or more claims of the '047 patent, including claim 1 of the '047 patent, and the '047 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

25. In Ingenus's Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '047 patent.

26. In Ingenus's Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '047 patent. On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '047 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

27. On information and belief, Ingenus's ANDA Product and the use of Ingenus's ANDA Product are covered by at least claim 1 of the '047 patent.

28. According to Ingenus's Notice Letter, Ingenus's ANDA Product contains lifitegrast.

29. In Ingenus's Notice Letter, Ingenus did not contest the infringement of claim 1 of the '047 patent on any basis other than the alleged invalidity of that claim.

30.  Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '047 patent was an act of infringement of the '047 patent under 35 U.S.C. § 271(e)(2)(A).

31.  On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

32.  On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '047 patent, including, *inter alia*, claim 1 of the '047 patent.

33.  On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '047 patent, including, *inter alia,* claim 1 of the '047 patent.

34.  On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '047 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '047 patent and specific intent to infringe that patent.

35.  On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '047 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On

8

information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '047 patent immediately and imminently upon approval of Ingenus's ANDA.

36.    Notwithstanding Ingenus's knowledge of the claims of the '047 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '047 patent.

37.    The foregoing actions by Ingenus constitute and/or will constitute infringement of the '047 patent; active inducement of infringement of the '047 patent; and contribution to the infringement by others of the '047 patent.

38.    Novartis will be substantially and irreparably damaged by infringement of the '047 patent.

39.    Unless Ingenus is enjoined from infringing the '047 patent, actively inducing infringement of the '047 patent, and contributing to the infringement by others of the '047 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '047 PATENT

40.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

41.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '047 patent.

42.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug

9

product that is covered by or whose use is covered by the '047 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '047 patent.

### COUNT III – INFRINGEMENT OF THE '655 PATENT

43. Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

44. The '655 patent, entitled "Compositions and Methods for Treatment of Eye Disorders" (attached as Exhibit B), was duly and legally issued on May 1, 2012.

45. Novartis Pharmaceuticals Corporation is the owner and assignee of the '655 patent.

46. The '655 patent claims, *inter alia,* a method of treating dry eye disease in a subject without Sjogren's syndrome by administering to said subject an effective amount of an LFA-1 antagonist or its pharmaceutically acceptable salts or esters, wherein said LFA-1 antagonist has the structure recited in claim 1 of the '655 patent.

47. XIIDRA®, as well as methods of using XIIDRA®, are covered by one or more claims of the '655 patent, including at least claims 1 and 2 of the '655 patent, and the '655 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

48. In Ingenus's Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '655 patent.

49. In Ingenus's Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '655 patent. On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to

10

ME1 41864696v.1

21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '655 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

50. On information and belief, the use of Ingenus's ANDA Product is covered by at least claims 1 and 2 of the '655 patent.

51. According to Ingenus's Notice Letter, Ingenus's ANDA Product is an ophthalmic solution.

52. According to Ingenus's Notice Letter, Ingenus's ANDA Product contains lifitegrast.

53. On information and belief, the proposed labeling for Ingenus's ANDA Product provides that lifitegrast is a lymphocyte function-associated antigen-1 (LFA-1) antagonist.

54. On information and belief, the proposed labeling for Ingenus's ANDA Product provides that Ingenus's ANDA Product is indicated for the treatment of the signs and symptoms of dry eye disease. On information and belief, the proposed labeling for Ingenus's ANDA Product directs, encourages, and induces the use of Ingenus's ANDA Product in a method that infringes claims 1 and 2 of the '655 patent.

55. According to Ingenus's Notice Letter, the strength for Ingenus's ANDA Product is 50 mg/mL.

56. On information and belief, the proposed labeling for Ingenus's ANDA Product directs, encourages, and induces the topical administration of one drop twice daily in each eye of Ingenus's ANDA Product.

11

57.     Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '655 patent was an act of infringement of the '655 patent under 35 U.S.C. § 271(e)(2)(A).

58.     On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

59.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '655 patent, including, *inter alia*, claims 1 and 2 of the '655 patent.

60.     On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '655 patent, including, *inter alia,* claims 1 and 2 of the '655 patent.

61.     On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '655 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '655 patent and specific intent to infringe that patent.

62.     On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '655 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On

12

information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '655 patent immediately and imminently upon approval of Ingenus's ANDA.

63.     Notwithstanding Ingenus's knowledge of the claims of the '655 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '655 patent.

64.     The foregoing actions by Ingenus constitute and/or will constitute infringement of the '655 patent; active inducement of infringement of the '655 patent; and contribution to the infringement by others of the '655 patent.

65.     Novartis will be substantially and irreparably damaged by infringement of the '655 patent.

66.     Unless Ingenus is enjoined from infringing the '655 patent, actively inducing infringement of the '655 patent, and contributing to the infringement by others of the '655 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '655 PATENT

67.     Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

68.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '655 patent.

69.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug

ME1 41864696v.1

product that is covered by or whose use is covered by the '655 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '655 patent.

## COUNT V – INFRINGEMENT OF THE '701 PATENT

70. Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

71. The '701 patent, entitled "Crystalline Pharmaceutical and Methods of Preparation and Use Thereof" (attached as Exhibit C), was duly and legally issued on February 5, 2013.

72. Novartis Pharmaceuticals Corporation is the owner and assignee of the '701 patent.

73. The '701 patent claims, *inter alia,* a composition comprising a compound of Formula I with the structure recited in claim 1 comprising a purity of greater than about 90%, and/or a pharmaceutically acceptable salt thereof.

74. XIIDRA®, as well as methods of using XIIDRA®, are covered by one or more claims of the '701 patent, including claim 1 of the '701 patent, and the '701 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

75. In Ingenus's Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '701 patent.

76. In Ingenus's Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '701 patent. On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '701 patent is invalid, unenforceable, and/or

14

will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

77.    On information and belief, Ingenus's ANDA Product and the use of Ingenus's ANDA Product are covered by at least claim 1 of the '701 patent.

78.    According to Ingenus's Notice Letter, Ingenus's ANDA Product is an ophthalmic solution.

79.    According to Ingenus's Notice Letter, Ingenus's ANDA Product contains lifitegrast.

80.    On information and belief, Ingenus's ANDA Product satisfies the purity limitation of claim 1.

81.    In Ingenus's Notice Letter, Ingenus did not contest the infringement of claim 1 of the '701 patent on any basis other than the alleged invalidity of that claim.

82.    Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '701 patent was an act of infringement of the '701 patent under 35 U.S.C. § 271(e)(2)(A).

83.    On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

84.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '701 patent, including, *inter alia*, claim 1 of the '701 patent.

15

85.	On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '701 patent, including, *inter alia,* claim 1 of the '701 patent.

86.	On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '701 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '701 patent and specific intent to infringe that patent.

87.	On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '701 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '701 patent immediately and imminently upon approval of Ingenus's ANDA.

88.	Notwithstanding Ingenus's knowledge of the claims of the '701 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '701 patent.

89.	The foregoing actions by Ingenus constitute and/or will constitute infringement of the '701 patent; active inducement of infringement of the '701 patent; and contribution to the infringement by others of the '701 patent.

16

90.     Novartis will be substantially and irreparably damaged by infringement of the '701 patent.

91.     Unless Ingenus is enjoined from infringing the '701 patent, actively inducing infringement of the '701 patent, and contributing to the infringement by others of the '701 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT VI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '701 PATENT

92.     Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

93.     The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '701 patent.

94.     The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug product that is covered by or whose use is covered by the '701 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '701 patent.

## COUNT VII – INFRINGEMENT OF THE '450 PATENT

95.     Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

96.     The '450 patent, entitled "Compositions and Methods for Treatment of Eye Disorders" (attached as Exhibit D), was duly and legally issued on November 26, 2013.

97.     Novartis Pharmaceuticals Corporation is the owner and assignee of the '450 patent.

98.     The '450 patent claims, *inter alia,* a method of treating dry eye disease in a subject with Sjogren's syndrome by administering to said subject an effective amount of a lymphocyte

17

ME1 41864696v.1

function associated antigen-1 (LFA-1) antagonist or a pharmaceutically acceptable salt or ester thereof, wherein the LFA-1 antagonist has the structure recited in claim 1 of the '450 patent.

99.     Claim 20 of the '450 patent is directed to a method of treating dry eye disorder in a subject in need thereof comprising administering to an eye of a subject an effective amount of a pharmaceutical composition comprising an LFA-1 antagonist and/or its pharmaceutically acceptable salts or esters, wherein said LFA-1 antagonist has the structure recited in claim 20 and wherein said subject has Sjogren's syndrome, and wherein said administering comprises administering said compound in liquid drops.

100.    XIIDRA®, as well as methods of using XIIDRA®, are covered by one or more claims of the '450 patent, including claims 1 and 20 of the '450 patent, and the '450 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

101.    In Ingenus's Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '450 patent.

102.    In Ingenus's Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '450 patent.  On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '450 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

ME1 41864696v.1

103.    On information and belief, the use of Ingenus's ANDA Product is covered by at least claims 1 and 20 of the '450 patent.

104.    According to Ingenus's Notice Letter, Ingenus's ANDA Product is an ophthalmic solution.

105.    According to Ingenus's Notice Letter, Ingenus's ANDA Product contains lifitegrast.

106.    On information and belief, the proposed labeling for Ingenus's ANDA Product provides that lifitegrast is a lymphocyte function-associated antigen-1 (LFA-1) antagonist.

107.    On information and belief, the proposed labeling for Ingenus's ANDA Product provides that Ingenus's ANDA Product is indicated for the treatment of the signs and symptoms of dry eye disease.  On information and belief, the proposed labeling for Ingenus's ANDA Product directs, encourages, and induces the use of Ingenus's ANDA Product in a method that infringes claims 1and 20 of the '450 patent.

108.    On information and belief, the proposed labeling for Ingenus's ANDA Product directs, encourages, and induces the administration of one drop twice daily in each eye of Ingenus's ANDA Product.

109.    According to Ingenus's Notice Letter, the strength for Ingenus's ANDA Product is 50 mg/mL.

110.    On information and belief, the proposed labeling for Ingenus's ANDA Product directs, encourages, and induces the administration of one drop twice daily in each eye of Ingenus's ANDA Product.

ME1 41864696v.1

111.    Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '450 patent was an act of infringement of the '450 patent under 35 U.S.C. § 271(e)(2)(A).

112.    On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

113.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '450 patent, including, *inter alia*, claims 1and 20 of the '450 patent.

114.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '450 patent, including, *inter alia,* claims 1and 20 of the '450 patent.

115.    On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '450 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '450 patent and specific intent to infringe that patent.

116.    On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '450 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On

20

information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '450 patent immediately and imminently upon approval of Ingenus's ANDA.

117. Notwithstanding Ingenus's knowledge of the claims of the '450 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '450 patent.

118. The foregoing actions by Ingenus constitute and/or will constitute infringement of the '450 patent; active inducement of infringement of the '450 patent; and contribution to the infringement by others of the '450 patent.

119. Novartis will be substantially and irreparably damaged by infringement of the '450 patent.

120. Unless Ingenus is enjoined from infringing the '450 patent, actively inducing infringement of the '450 patent, and contributing to the infringement by others of the '450 patent, Novartis will suffer irreparable injury. Novartis has no adequate remedy at law.

## COUNT VIII – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '450 PATENT

121. Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

122. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '450 patent.

123. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug

21

product that is covered by or whose use is covered by the '450 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '450 patent.

### COUNT IX – INFRINGEMENT OF THE '574 PATENT

124. Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

125. The '574 patent, entitled "Crystalline Pharmaceutical and Methods of Preparation and Use Thereof" (attached as Exhibit E), was duly and legally issued on January 6, 2015.

126. Novartis Pharmaceuticals Corporation is the owner and assignee of the '574 patent.

127. The '574 patent claims, *inter alia,* a composition comprising an isolated compound of Formula I with the structure recited in claim 1, or a salt thereof, wherein said compound is synthesized according to a method comprising the steps recited in claim 1 of the '574 patent.

128. XIIDRA® is covered by one or more claims of the '574 patent, including claim 1 of the '574 patent, and the '574 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

129. In Ingenus's First Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '574 patent.

130. In Ingenus's First Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '574 patent.  On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '574 patent is invalid, unenforceable, and/or will not be

22

infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

131. On information and belief, Ingenus's ANDA Product and the use of Ingenus's ANDA Product are covered by at least claim 1 of the '574 patent.

132. According to Ingenus's Notice Letters, Ingenus's ANDA Product is an ophthalmic solution.

133. According to Ingenus's Notice Letters, Ingenus's ANDA Product contains lifitegrast.

134. On information and belief, the lifitegrast in Ingenus's ANDA Product is synthesized according to the steps recited in claim 1 of the '574 patent.

135. On information and belief, Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '574 patent was an act of infringement of the '574 patent under 35 U.S.C. § 271(e)(2)(A).

136. On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

137. On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '574 patent, including, *inter alia*, claim 1 of the '574 patent.

138. On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling

23

would infringe one or more claims of the '574 patent, including, *inter alia,* claim 1 of the '574 patent.

139.    On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '574 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '574 patent and specific intent to infringe that patent.

140.    On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '574 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '574 patent immediately and imminently upon approval of Ingenus's ANDA.

141.    Notwithstanding Ingenus's knowledge of the claims of the '574 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '574 patent.

142.    The foregoing actions by Ingenus constitute and/or will constitute infringement of the '574 patent; active inducement of infringement of the '574 patent; and contribution to the infringement by others of the '574 patent.

143.    Novartis will be substantially and irreparably damaged by infringement of the '574 patent.

24

144.    Unless Ingenus is enjoined from infringing the '574 patent and/or actively inducing infringement of the '574 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

### COUNT X – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '574 PATENT

145.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

146.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '574 patent.

147.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug product that is covered by or whose use is covered by the '574 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '574 patent.

### COUNT XI – INFRINGEMENT OF THE '553 PATENT

148.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

149.    The '553 patent, entitled "LFA-1 Inhibitor and Methods of Preparation and Polymorph Thereof" (attached as Exhibit F), was duly and legally issued on July 21, 2015.

150.    Novartis Pharmaceuticals Corporation is the owner and assignee of the '553 patent.

151.    The '553 patent claims, *inter alia,* a composition comprising a compound of Formula I with the structure recited in claim 16, wherein said compound is synthesized according to a method comprising the steps recited in claim 16 of the '553 patent.

25

152.    XIIDRA® is covered by one or more claims of the '553 patent, including claim 16 of the '553 patent, and the '553 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

153.    In Ingenus's First Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '553 patent.

154.    In Ingenus's First Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '553 patent. On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '553 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

155.    On information and belief, Ingenus's ANDA Product is covered by at least claim 16 of the '553 patent.

156.    According to Ingenus's Notice Letters, Ingenus's ANDA Product is an ophthalmic solution.

157.    According to Ingenus's Notice Letters, Ingenus's ANDA Product contains lifitegrast.

158.    On information and belief, the lifitegrast in Ingenus's ANDA Product is synthesized according to the steps recited in claim 16 of the '553 patent.

26

ME1 41864696v.1

159.    On information and belief, Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '553 patent was an act of infringement of the '553 patent under 35 U.S.C. § 271(e)(2)(A).

160.    On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

161.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '553 patent, including, *inter alia*, claim 16 of the '553 patent.

162.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '553 patent, including, *inter alia,* claim 16 of the '553 patent.

163.    On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '553 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '553 patent and specific intent to infringe that patent.

164.    On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '553 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On

27

information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '553 patent immediately and imminently upon approval of Ingenus's ANDA.

165. Notwithstanding Ingenus's knowledge of the claims of the '553 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '553 patent.

166. The foregoing actions by Ingenus constitute and/or will constitute infringement of the '553 patent; active inducement of infringement of the '553 patent; and contribution to the infringement by others of the '553 patent.

167. Novartis will be substantially and irreparably damaged by infringement of the '553 patent.

168. Unless Ingenus is enjoined from infringing the '553 patent and/or actively inducing infringement of the '553 patent, Ingenus will suffer irreparable injury. Novartis has no adequate remedy at law.

## COUNT XII – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '553 PATENT

169. Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

170. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '553 patent.

171. The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug

28

product that is covered by or whose use is covered by the '553 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '553 patent.

## COUNT XIII – INFRINGEMENT OF THE '088 PATENT

172.	Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

173.	The '088 patent, entitled "Crystalline Pharmaceutical and Methods of Preparation and Use Thereof" (attached as Exhibit G), was duly and legally issued on May 31, 2016.

174.	Novartis Pharmaceuticals Corporation is the owner and assignee of the '088 patent.

175.	The '088 patent claims, *inter alia,* a composition comprising an isolated compound of Formula I with the structure recited in claim 1 wherein said compound is synthesized according to a method comprising the steps recited in claim 1 of the '088 patent.

176.	XIIDRA® is covered by one or more claims of the '088 patent, including claim 1 of the '088 patent, and the '088 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

177.	In Ingenus's First Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '088 patent.

178.	In Ingenus's First Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '088 patent.  On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '088 patent is invalid, unenforceable, and/or will not be

infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

179.    On information and belief, Ingenus's ANDA Product and the use of Ingenus's ANDA Product are covered by at least claim 1 of the '088 patent.

180.    According to Ingenus's Notice Letters, Ingenus's ANDA Product is an ophthalmic solution.

181.    According to Ingenus's Notice Letters, Ingenus's ANDA Product contains lifitegrast.

182.    On information and belief, the lifitegrast in Ingenus's ANDA Product is synthesized according to the steps recited in claim 1 of the '088 patent.

183.    On information and belief, Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '088 patent was an act of infringement of the '088 patent under 35 U.S.C. § 271(e)(2)(A).

184.    On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

185.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '088 patent, including, *inter alia*, claim 1 of the '088 patent.

186.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling

ME1 41864696v.1

would infringe one or more claims of the '088 patent, including, *inter alia,* claim 1 of the '088 patent.

187.    On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '088 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '088 patent and specific intent to infringe that patent.

188.    On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '088 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '088 patent immediately and imminently upon approval of Ingenus's ANDA.

189.    Notwithstanding Ingenus's knowledge of the claims of the '088 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '088 patent.

190.    The foregoing actions by Ingenus constitute and/or will constitute infringement of the '088 patent; active inducement of infringement of the '088 patent; and contribution to the infringement by others of the '088 patent.

191.    Novartis will be substantially and irreparably damaged by infringement of the '088 patent.

31

192.    Unless Ingenus is enjoined from infringing the '088 patent and/or actively inducing infringement of the '088 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT XIV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '088 PATENT

193.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

194.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '088 patent.

195.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug product that is covered by or whose use is covered by the '088 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '088 patent.

## COUNT XV – INFRINGEMENT OF THE '077 PATENT

196.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

197.    The '077 patent, entitled "Crystalline Pharmaceutical and Methods of Preparation and Use Thereof" (attached as Exhibit H), was duly and legally issued on September 20, 2016.

198.    Novartis Pharmaceuticals Corporation is the owner and assignee of the '077 patent.

199.    The '077 patent claims, *inter alia,* a method of treating dry eye disease in a subject in need of such treatment, the method comprising administering to the subject an effective amount of a composition comprising an isolated compound of Formula I with the structure recited in claim

32

1, or a pharmaceutically acceptable salt thereof, wherein said compound comprises a purity of greater than about 90%.

200.    XIIDRA®, as well as methods of using XIIDRA®, are covered by one or more claims of the '077 patent, including claim 1 of the '077 patent, and the '077 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

201.    In Ingenus's Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA.  The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '077 patent.

202.    In Ingenus's Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '077 patent.  On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '077 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

203.    On information and belief, the use of Ingenus's ANDA Product is covered by at least claim 1 of the '077 patent.

204.    According to Ingenus's Notice Letter, Ingenus's ANDA Product is an ophthalmic solution.

205.    According to Ingenus's Notice Letter, Ingenus's ANDA Product contains lifitegrast.

33

206.    On information and belief, the proposed labeling for Ingenus's ANDA Product provides that Ingenus's ANDA Product is indicated for the treatment of the signs and symptoms of dry eye disease.  On information and belief, the proposed labeling for Ingenus's ANDA Product directs, encourages, and induces the use of Ingenus's ANDA Product in a method that infringes claim 1 of the '077 patent.

207.    According to Ingenus's Notice Letter, the strength for Ingenus's ANDA Product is 50 mg/mL.

208.    On information and belief, the proposed labeling for Ingenus's ANDA Product directs, encourages, and induces the administration of one drop twice daily in each eye of Ingenus's ANDA Product.

209.    On information and belief, Ingenus's ANDA Product satisfies the purity limitation of claim 1.

210.    In Ingenus's Notice Letter, Ingenus did not contest the infringement of claim 1 of the '077 patent on any basis other than the alleged invalidity of that claim.

211.    Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '077 patent was an act of infringement of the '077 patent under 35 U.S.C. § 271(e)(2)(A).

212.    On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

34

213.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '077 patent, including, *inter alia*, claim 1 of the '077 patent.

214.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '077 patent, including, *inter alia,* claim 1 of the '077 patent.

215.    On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '077 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '077 patent and specific intent to infringe that patent.

216.    On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '077 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '077 patent immediately and imminently upon approval of Ingenus's ANDA.

217.    Notwithstanding Ingenus's knowledge of the claims of the '077 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '077 patent.

35

ME1 41864696v.1

218.    The foregoing actions by Ingenus constitute and/or will constitute infringement of the '077 patent; active inducement of infringement of the '077 patent; and contribution to the infringement by others of the '077 patent.

219.    Novartis will be substantially and irreparably damaged by infringement of the '077 patent.

220.    Unless Ingenus is enjoined from infringing the '077 patent, actively inducing infringement of the '077 patent, and contributing to the infringement by others of the '077 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT XVI – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '077 PATENT

221.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

222.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '077 patent.

223.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug product that is covered by or whose use is covered by the '077 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '077 patent.

## COUNT XVII – INFRINGEMENT OF THE '141 PATENT

224.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

225.    The '141 patent, entitled "Crystalline Pharmaceutical and Methods of Preparation and Use Thereof" (attached as Exhibit I), was duly and legally issued on February 13, 2018.

36

226. Novartis Pharmaceuticals Corporation is the owner and assignee of the '141 patent.

227. The '141 patent claims, *inter alia,* a composition comprising an isolated compound of Formula I with the structure recited in claim 1 wherein said compound is synthesized according to a method comprising the steps recited in claim 1 of the '141 patent.

228. XIIDRA® is covered by one or more claims of the '141 patent, including claim 1 of the '141 patent, and the '141 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

229. In Ingenus's First Notice Letter, Ingenus notified Novartis of the submission of Ingenus's ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and sale and/or importation of Ingenus's ANDA Product prior to the expiration of the '141 patent.

230. In Ingenus's First Notice Letter, Ingenus also notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '141 patent. On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '141 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product.

231. On information and belief, Ingenus's ANDA Product and the use of Ingenus's ANDA Product are covered by at least claim 1 of the '141 patent.

232. According to Ingenus Notice Letters, Ingenus's ANDA Product is an ophthalmic solution.

37

233.   According to Ingenus Notice Letters, Ingenus's ANDA Product contains lifitegrast.

234.   On information and belief, the lifitegrast in Ingenus's ANDA Product is synthesized according to the steps recited in claim 1 of the '141 patent.

235.   On information and belief, Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '141 patent was an act of infringement of the '141 patent under 35 U.S.C. § 271(e)(2)(A).

236.   On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

237.   On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '141 patent, including, *inter alia*, claim 1 of the '141 patent.

238.   On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '141 patent, including, *inter alia,* claim 1 of the '141 patent.

239.   On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '141 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '141 patent and specific intent to infringe that patent.

38

240.    On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '141 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '141 patent immediately and imminently upon approval of Ingenus's ANDA.

241.    Notwithstanding Ingenus's knowledge of the claims of the '141 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '141 patent.

242.    The foregoing actions by Ingenus constitute and/or will constitute infringement of the '141 patent; active inducement of infringement of the '141 patent; and contribution to the infringement by others of the '141 patent.

243.    Novartis will be substantially and irreparably damaged by infringement of the '141 patent.

244.    Unless Ingenus is enjoined from infringing the '141 patent and/or actively inducing infringement of the '141 patent, Novartis will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT XVIII – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '141 PATENT

245.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

246.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the

ME1 41864696v.1

one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '141 patent.

247.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug product that is covered by or whose use is covered by the '141 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '141 patent.

## COUNT XIX – INFRINGEMENT OF THE '677 PATENT

248.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

249.    The '677 patent, entitled "LFA-1 Inhibitor Formulations" (attached as Exhibit J), was duly and legally issued on July 13, 2021.

250.    Novartis Pharmaceuticals Corporation is the owner and assignee of the '677 patent.

251.    The '677 patent claims, *inter alia,* a composition comprising a compound of Formula I with the structure recited in claim 13, and 0.2 to 0.4% antioxidant, the antioxidant being sodium thiosulfate, wherein the composition is an aqueous solution with the compound of Formula I dissolved therein, and wherein the composition is suitable for topical administration to the eye.

252.    XIIDRA® is covered by one or more claims of the '677 patent, including claim 13 of the '677 patent, and the '677 patent has been listed in connection with XIIDRA® in the FDA's Orange Book.

253.    In Ingenus's Second Notice Letter, Ingenus notified Novartis that, as part of its ANDA, Ingenus had filed certifications of the type described in Section 505(j)(2)(B)(iv) of the FDCA, 21 U.S.C. § 355 (j)(2)(B)(iv), with respect to the '677 patent.  On information and belief, Ingenus submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. §

40

355(j)(2)(A)(vii)(IV) asserting that the '677 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product, and seeking approval from the FDA to market Ingenus's ANDA Product prior to the expiration of the '677 patent.

254. On information and belief, Ingenus's ANDA Product is covered by at least claim 13 of the '677 patent.

255. According to Ingenus's Notice Letters, Ingenus's ANDA Product is an ophthalmic solution.

256. According to Ingenus's Notice Letters, Ingenus's ANDA Product contains lifitegrast.

257. On information and belief, Ingenus's ANDA Product comprises lifitegrast and 0.2 to 0.4% antioxidant, the antioxidant being sodium thiosulfate.

258. Ingenus's ANDA Product is an aqueous solution with lifitegrast dissolved therein.

259. Ingenus's ANDA Product is suitable for topical administration to the eye.

260. In Ingenus's Second Notice Letter, Ingenus did not contest the infringement of claim 13 of the '677 patent on any basis other than the alleged invalidity of that claim.

261. On information and belief, Ingenus's submission of Ingenus's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Ingenus's ANDA Product before the expiration of the '677 patent was an act of infringement of the '677 patent under 35 U.S.C. § 271(e)(2)(A).

41

262.    On information and belief, Ingenus will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Ingenus's ANDA Product immediately and imminently upon approval of its ANDA.

263.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product would infringe, literally and/or under the doctrine of equivalents, one or more claims of the '677 patent, including, *inter alia*, claim 13 of the '677 patent.

264.    On information and belief, the manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '677 patent, including, *inter alia,* claim 13 of the '677 patent.

265.    On information and belief, Ingenus plans and intends to, and will, actively induce infringement of the '677 patent when Ingenus's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.  Ingenus's activities will be done with knowledge of the '677 patent and specific intent to infringe that patent.

266.    On information and belief, Ingenus knows that Ingenus's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '677 patent, that Ingenus's ANDA Product is not a staple article or commodity of commerce, and that Ingenus's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use.  On information and belief, Ingenus plans and intends to, and will, contribute to infringement of the '677 patent immediately and imminently upon approval of Ingenus's ANDA.

267.    Notwithstanding Ingenus's knowledge of the claims of the '677 patent, Ingenus has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Ingenus's

42

ME1 41864696v.1

ANDA Product with its product labeling following FDA approval of Ingenus's ANDA prior to the expiration of the '677 patent.

268.    The foregoing actions by Ingenus constitute and/or will constitute infringement of the '677 patent; active inducement of infringement of the '677 patent; and contribution to the infringement by others of the '677 patent.

269.    Novartis will be substantially and irreparably damaged by infringement of the '677 patent.

270.    Unless Ingenus is enjoined from infringing the '677 patent and/or actively inducing infringement of the '677 patent, Ingenus will suffer irreparable injury.  Novartis has no adequate remedy at law.

## COUNT XX – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '677 PATENT

271.    Novartis incorporates each of the proceeding paragraphs as if fully set forth herein.

272.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Novartis on the one hand and Ingenus on the other regarding Ingenus's infringement, active inducement of infringement, and contribution to the infringement by others of the '677 patent.

273.    The Court should declare that the commercial manufacture, use, sale, offer for sale, or importation of Ingenus's ANDA Product with its proposed labeling, or any other Ingenus drug product that is covered by or whose use is covered by the '677 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '677 patent.

## PRAYER FOR RELIEF

WHEREFORE, Novartis requests the following relief:

43

a)      A judgment that each of the Patents-in-Suit has been infringed under 35 U.S.C. § 271(e)(2) by Ingenus's submission to the FDA of Ingenus's ANDA;

b)      A judgment ordering that the effective date of any FDA approval of commercial manufacture, use, or sale of Ingenus's ANDA Product, or any other drug product that infringes or the use of which infringes one or more of the Patents-in-Suit, be not earlier than the latest of the expiration dates of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

c)      A preliminary and permanent injunction enjoining Ingenus, and all persons acting in concert with Ingenus, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Ingenus's ANDA Product, or any other drug product covered by or whose use is covered by one or more of the Patents-in-Suit, prior to the expiration of said patents, inclusive of any extension(s) and additional period(s) of exclusivity;

d)      A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Ingenus's ANDA Product, or any other drug product which is covered by or whose use is covered by one-or-more of the Patents-in-Suit, prior to the expiration of said patents, will infringe, induce the infringement of, and contribute to the infringement by others of, said patents;

e)      A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

f)      Costs and expenses in this action; and

g)      Such further and other relief as this Court may deem just and proper.

44

Dated:  August 9, 2022

OF COUNSEL:

Bruce R. Genderson
Jessamyn S. Berniker
Dov P. Grossman
Christopher J. Mandernach
Kevin D. Hoagland-Hanson
Michael X. Liu
Angela Gao
Kathryn E. Garza
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
jberniker@wc.com
dgrossman@wc.com
cmandernach@wc.com
khoagland-hanson@wc.com
mliu@wc.com
agao@wc.com
kgarza@wc.com

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
T: (302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff Novartis*
*Pharmaceuticals Corporation*

45

ME1 41864696v.1